[Civ. No. 5013.   Fourth Dist.   Nov. 30, 1956.]

ORANGE COAST JUNIOR COLLEGE DISTRICT OF ORANGE COUNTY, Respondent, v. HENRY CLINTON ST. JOHN, Appellant.

456

Wirin, Rissman & Okrand, A. L. Wirin and Fred Okrand for Appellant.

Joel E. Ogle, County Counsel, George F. Holden and Stephen K. Tamura, Deputy County Counsel, for Respondent.

Harold W. Kennedy, County Counsel (Los Angeles), Gerald G. Kelly, Assistant County Counsel, William E. Lamoreaux, Clarence H. Langstaff, and James W. Briggs, Deputy County Counsel, as Amici Curiae for Respondent.

BARNARD, P. J.—This is a proceeding to dismiss a teacher on charges of violations of sections 12601, 12604 and 12605 of the Education Code. These sections are a part of what is known as the Dilworth Act, adopted in 1953.

The facts are undisputed. The appellant was employed by respondent district in 1948, and acquired tenure in 1952. In 1950 he signed the oath required by Government Code, section 3103. On October 2, 1953, the district sent all of its employees, including appellant, a form of oath identical in form with the one just referred to except for the addition of the words "and I do further swear (or affirm) that I am not knowingly a member of the Communist Party," as required by section 12601 of the Education Code. Each employee was requested to sign the oath and return it not later than October 13. On October 5, 1953, the appellant was informed by letter that the board of trustees had called a meeting for October 7, 1953, pursuant to the provisions of the Dilworth Act and that his presence was requested.

At the meeting on October 7, a statement was made that "Our district had received a report from the State Department of Education alleging that Mr. St. John had been involved in certain activities in which Communism was also involved"; that the purpose of the meeting was not "to accuse" but to give appellant "an opportunity to clear himself of the allegations which had been made"; and that "We feel that as a public institution when such an allegation comes to us, we are obligated to look into it." The appellant was duly sworn and was asked the question "Are you now a member of the Communist Party?" He refused to answer

and at the same time stated that he was returning unsigned the oath which had been previously sent to all teachers. He stated that his refusal to answer was because the question violated his ''freedom of conscience'' and was an invasion of his ''political convictions.'' He further stated that he had signed one oath and considered it an insult to have to continue repeating such an oath as this, and then said ''Membership in the Communist Party nowadays implies he is untrustworthy. It implies that he plans to overthrow the government and is an insult. I answered it at one time and refuse to do so again.'' Section 12605 of the Education Code was then read to him and he was asked if he were aware of that section. He replied that he was. He was then asked if he still refused to answer as to whether he was now a member of the Communist Party, and he replied that he refused to answer for the reasons he had already given.

On October 13, the respondent served on the appellant notice of its intention to dismiss, together with a statement of charges. Briefly stated, these charges were:

1. That he was guilty of unprofessional conduct in refusing to answer the question ''Are you now a member of the Communist Party?'' in violation of Sections 12605 and 12606 of the Education Code.

2. That he violated section 12601 of that code by refusing to state under oath whether or not he was knowingly a member of the Communist Party, and further stating that he would not do so at any time.

3. That he violated the provisions of section 12604 of that code in refusing to answer questions relating to his present knowing membership in the Communist Party.

The appellant served upon the district a denial of the charges with a request for a hearing, in which he stated that he challenged the constitutionality of the Dilworth Act and challenged the authority of the board ''to inquire into my political opinions.'' The district then brought this action as provided for in section 13529 of the Education Code, and a copy of the charges was included in the complaint. Two causes of action were alleged, the first being based upon Paragraphs 1 and 3 of the charges (refusal to answer questions) and the second upon Paragraph 2 (refusal to execute the oath). The appellant filed a demurrer, which was overruled, and then filed an answer. The matter was then submitted for decision on stipulated facts. The court found, among other things, that the appellant had refused to answer

the question "Are you now a member of the Communist Party" in violation of the provisions of sections 12605 and 12604 of the Education Code, and that he had refused to sign the oath and declined to state under oath whether or not he was knowingly a member of the Communist Party, in violation of section 12601 of the Education Code. As conclusions of law the court found that the charges were true, that each of said charges constituted sufficient grounds for dismissal under subdivision (j) of section 13521 of the Education Code, and that plaintiff was entitled to a judgment decreeing that it may dismiss the defendant from its employ. Judgment was entered accordingly and this appeal followed.

Simply stated, two issues are here presented. 1. Whether the board of trustees of such a district may, under the circumstances shown by the evidence, require a teacher as a condition of continued employment to answer the question: "Are you now a member of the Communist Party?" 2. Whether such a board may require a teacher, as a condition of continued employment, to state under oath that he is not knowingly a member of the Communist Party.

With respect to the first of these issues we think the main problem is sufficiently answered, in principle, by the decision in *Steinmetz* v. *California State Board of Education,* 44 Cal. 2d 816 [285 P.2d 617], and the cases there cited. That case (under the Luckel Act and the Government Code) involved a statutory intention which is substantially identical with the provisions of sections 12604 and 12605 of the Education Code. The nature of the questions, which it is made the duty of the employee to answer, is substantially the same under both statutory provisions. Instead of listing specific questions, both of them require an employee to specifically answer a question or questions "relating to" the subjects or matters set forth, which are the same in each instance.

With respect to this first issue the appellant contends that the evidence was not sufficient to show that he violated section 12605 of the Education Code since that section refers to the questions set forth in section 12604; that the questions set forth in section 12604 refer to a "knowing" membership in such a party; and that the appellant was never asked a single question as to his "knowing" membership in the Communist Party. It is also contended that it would be unconstitutional and in violation of due process to hold that his refusal to answer the question asked him was sufficient to constitute a violation of section 12604, since the respondent omitted to

include in its question the essential element of *scienter* which is present in section 12604, subdivision (e), in that the word "knowing' was not included in the question. Reliance is placed on *Wieman* v. *Updegraff*, 344 U.S. 183 [73 S.Ct. 215, 97 L.Ed. 216], where it was held that a person could not be dismissed from his employment on the sole basis of his membership in an organization without regard to whether or not he was aware of its activities and purposes.

While the matter suggested in section 12604, subdivision (e); is as to present knowing membership in the Communist Party, both sections 12605 and 12604 require an employee to answer a question or questions relating to the matters set forth in section 12604. The question here asked of the appellant, as to whether he was then a member of the Communist Party, is clearly related to the suggested matter as to his present knowing membership in that party. It was not only related thereto but it was a preliminary question the answer to which would normally indicate whether any further inquiry with respect to "knowing" membership was necessary or proper. The language of these statutes is sufficiently broad to cover the situation here existing, and it cannot reasonably be held that appellant's refusal to answer this question did not constitute a violation thereof. The question was a proper one and the appellant could have answered yes or no, or could have stated facts as to why he did not know, if such facts existed. Instead of answering or explaining his inability to do so, he took the position that the board had no right to make any such inquiry. In the Steinmetz case the appellant was dismissed not because of his membership in any organization but because of his refusal to answer questions as required by the statute. The facts here are sufficiently similar to bring this case within the principles followed in that case.

No unconstitutionality or violation of due process here appears in requiring the appellant to answer this question, which directly related to his membership in the Communist Party. (*Steinmetz* v. *California State Board of Education*, 44 Cal.2d 816 [285 P.2d 617] ; *Garner* v. *Board of Public Works*, 341 U. S. 716 [71 S.Ct. 909, 95 L.Ed. 1317] ; *Adler* v. *Board of Education*, 342 U. S. 485 [72 S.Ct. 380, 96 L.Ed. 517, 27 A.L.R.2d 472].) While a knowledge of the principles of the Communist Party is not here involved, it may be observed that the appellant's statement when he refused to answer the question sufficiently discloses that he was not without such knowledge.

With respect to the second cause of action, based upon the appellant's refusal to state under oath whether or not he is knowingly a member of the Communist Party as required by section 12601, the appellant contends that section 12601 applies only to new employees and is not applicable to him. It is argued that this appears from the language of that section since it provides for such a statement to be made under oath by the applicant "prior to his first day of service" as an employee of any school district. It is also contended that if section 12601 is construed to apply to present employees it is unconstitutional since it requires something in addition to, and is therefore in conflict with, the constitutional oath provided for in article XX, section 3, of the state Constitution.

The first sentence of section 12601 provides that no person who is knowingly a member of the Communist Party shall be hereafter employed by or, with an exception not material here, "retained in the employment of" any school district. This imposes a duty on school districts to see that no such person shall thereafter be retained in the employment of the district. Section 13521 of the Education Code, as amended by the Dilworth Act, expressly made section 12601 applicable to permanent employees which would include the appellant.

In carrying out the intention thus expressed, the phrase "prior to the first day of service as an employee" may be interpreted as intended to apply to the first day of service after the effective date of the Dilworth Act.

Construed as applying to present employees, section 12601 is not in conflict with the meaning and intent of section 3 of article XX of the Constitution. In *Pockman* v. *Leonard*, 39 Cal.2d 676 [249 P.2d 267], the court considered a form of oath required by the Levering Act which differed from the form of oath then prescribed by section 3 of article XX to a much greater degree than section 12601 differs from the constitutional oath as it now reads. It was there held that there was nothing in the Levering oath which went beyond the intent or meaning of section 3 of article XX, and that such an oath was not of a type which was intended to be prohibited by that section of the Constitution. The court there said: "Nothing in Section 3 of Article XX is intended to prevent the state from requiring disclosure of facts relating to an employee's fitness and suitability for public service. . . ." A similar situation exists here and it cannot be said that the statement under oath required by section 12601 is contrary to the spirit, meaning and intent of section 3 of arti-

cle XX as it now reads. At most, it is a mere amplification of the constitutional oath now provided for by adding the name of the Communist Party in line with the findings of the Legislature as outlined in section 12600 of the Education Code.

■■ The further contentions that the Dilworth Act is unconstitutional as being special legislation, and as being a bill of attainder, are without merit. That a similar act was not special legislation was held in the Steinmetz case. The contention that such a law amounts to a bill of attainder has been rejected by the United States Supreme Court, (*Garner* v. *Board of Public Works, supra; American Communications Assn.* v. *Douds,* 339 U. S. 382 [70 S.Ct. 674, 94 L.Ed. 925]) and in principle is contrary to the decisions in *Pockman* v. *Leonard, supra,* the Steinmetz case, and many other cases in this state. ■ The purpose of the Dilworth Act is to regulate future employment and not to punish for past acts, and anyone is free to bring himself within its requirements if he so desires. In the Douds case, the distinction between cases involving punishment for past actions and cases involving possible loss of position only because of matters involving future conduct was clearly pointed out. In concurring with the major holding in the Garner case Justice Frankfurter said:

"It would give to the Due Process Clause an unwarranted power of intrusion into local affairs to hold that a city may not require its employees to disclose whether they have been members of the Communist Party or the Communist Political Association. . . . But the two employees who were dismissed solely because they refused to file an affidavit stating whether or when they had been members of the Communist Party . . . cannot successfully appeal to the Constitution of the United States."

In refusing to answer as to whether he was a member of the Communist Party or to sign the required oath the appellant stated that he refused because to do so would violate "my freedom of conscience" and would be "an invasion of my political convictions." In answering a similar contention in *Adler* v. *Board of Education,* 342 U.S. 485 [72 S.Ct. 380, 96 L.Ed. 517, 27 A.L.R.2d 472], the court said:

"It is equally clear that they have no right to work for the State in the school system on their own terms. (Citation.) They may work for the school system upon the reasonable terms laid down by the proper authorities of New York. If

they do not choose to work on such terms, they are at liberty to retain their beliefs and associations and go elsewhere.''

■ It seems equally clear, both in reason and under the authorities, that the terms of employment established by the Dilworth Act are reasonable, and that the information which the appellant refused to furnish had a direct relationship to those terms and related to matters which the board was entitled to inquire into in order to perform its duty with respect to his continued employment. What the teacher thinks and believes along these lines are proper subjects of inquiry in relation to such employment, and his refusal to give to the board the required information may properly and lawfully be treated as insubordination and as sufficient evidence of his lack of one of the essential qualifications for this employment.

The importance of a teacher's work in training the young, and the various considerations involved therein, have been stated and emphasized in many decisions and need not be repeated here. Academic freedom, upon which the appellant relies, does not mean much unless the teacher is willing to accept the responsibility which is an inherent part thereof, and is willing to cooperate in maintaining the conditions which make such a freedom possible. ■ Such matters as the prohibition against compelling self-incrimination and the presumption of innocence, which are applicable in criminal prosecutions, are false quantities which have no logical connection with an inquiry respecting a person's qualification for public employment.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 29, 1957. Gibson, C. J., Carter, J., and Traynor, J., were of the opinion that the petition should be granted.